UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America, | |
| v. | MEMORANDUM & ORDER |
| Dwayne Pickett, | No. 1:22-cr-00486 |
| Defendant. | |

NINA R. MORRISON, United States District Judge:

Now pending before the Court is Defendant Dwayne Pickett's motion to dismiss the indictment charging him with violations of 18 U.S.C. § 922(g)(1). Relying on *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), Pickett argues that under the Second Amendment, § 922(g)(1) is unconstitutional on its face and as applied to him. For the reasons that follow, Defendant's motion is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

In October 2022, Defendant Dwayne Pickett was indicted for one count of firearms trafficking in violation of 18 U.S.C. § 922(a)(1)(A) and two counts of felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). *See* Indictment, ECF No. 6. According to the Complaint, in September 2022, an undercover officer (the "UC") contacted Pickett to purchase firearms from him. *See* Compl., ECF No. 1 at ¶ 3. Pickett allegedly sold the UC firearms on September 14, 2022, and arranged to sell the UC additional firearms on September 27, 2022, when he was intercepted by law enforcement officers and arrested. *Id.* at ¶¶ 3, 12–13. By tracing the firearms' serial

numbers, the Bureau of Alcohol, Tobacco, and Firearms ("ATF") determined that some of the firearms Pickett sold and attempted to sell to the UC were previously reported stolen in North Carolina. *Id.* at ¶¶ 5, 15. The ATF additionally determined that none of the firearms Pickett sold or attempted to sell to the UC were manufactured in New York. *Id.* at ¶ 18.

According to the government, Pickett was previously convicted of possession of a firearm by a felon, a felony, in violation of North Carolina General Statutes 14-415.1[1], for which Pickett served a sentence of prison and probation. *Id.* at ¶ 17. Previously, Pickett was convicted of felony obstruction of justice, which is the original felony conviction that served as a predicate for his North Carolina felon-in-possession conviction. *See* Mot. to Dismiss, ECF No. 17 (the "Motion") at 3. The government alleges that Pickett does not have a license to sell firearms. Compl., at ¶ 18.

Pickett moved to dismiss the counts charging him with felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1) in light of the United States Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). *See* Mot. to Dismiss at 3. In support of the Motion, Pickett argues that after *Bruen*, § 922(g)(1) is unconstitutional on its face and as applied to Pickett because he has only been convicted of non-violent offenses and there is no historical precedent

---

[1] North Carolina's felon-in-possession statute states: "It shall be unlawful for any person who has been convicted of a felony to purchase, own, possess, or have in his custody, care, or control any firearm . . . ." N.C. Gen. Stat. § 14-415.1(a). The statute includes several exceptions. Notably, the felon-in-possession prohibition does not apply if a defendant's prior felony conviction pertains to "antitrust violations, unfair trade practices, or restraints of trade." N.C. Gen. Stat. § 14-415.1(e)

for prohibiting non-violent felons from possessing firearms. *See id.* In opposition, the government argues that *Bruen* did not overrule Second Circuit precedent that expressly upheld the constitutionality of § 922(g)(1). *See* Opp. to Mot. to Dismiss, ECF No. 19 at 6; *United States v. Bogle*, 717 F.3d 281 (2d Cir. 2013) (per curiam). The government further argues that even if the Court reaches the merits of the Motion, the prohibition on felon firearm possession codified in § 922(g)(1) survives *Bruen*, even as applied to non-violent felons. *See* Opp. to Mot. to Dismiss at 13–14.

## LEGAL STANDARD

Rule 12 of the Federal Rules of Criminal Procedure provides that a court may dismiss an indictment if the indictment fails to invoke the court's jurisdiction or to state an offense. Fed. R. Crim. P. 12(b)(2), (b)(3)(B)(v). "Although a constitutional attack on an indictment technically may not be an argument that the indictment 'fails to invoke the court's jurisdiction or to state an offense,' a court may still address such an argument within the context of a Rule 12(b)(3)(B) motion, 'because an indictment's defects can affect a defendant's substantive rights at trial.'" *United States v. Smith*, 985 F. Supp. 2d 547, 561–62 (S.D.N.Y. 2014) (internal citation omitted), *aff'd sub nom*, *United States v. Halloran*, 664 F. App'x 23 (2d Cir. 2016).

## DISCUSSION

For the reasons explained below, Pickett's facial and as-applied challenges to § 922(g)(1) fail based on binding Second Circuit precedent that remains in effect after *Bruen*.

## I. Facial Challenge to § 922(g)(1)

In *United States v. Bogle*, 717 F.3d 281 (2d Cir. 2013), the Second Circuit directly addressed whether § 922(g)(1), which prohibits persons previously convicted of felonies from possessing firearms, comports with the Second Amendment. There, the defendant appealed his conviction for possessing a firearm as a convicted felon under § 922(g)(1) as violative of his right to keep and bear arms under the Second Amendment. The Second Circuit acknowledged that in two then-recent opinions, the Supreme Court had articulated a "more expansive interpretation" of the Second Amendment by finding that the Second and Fourteenth Amendments guaranteed an individual's right to keep and bear arms for self-defense by possessing a handgun in one's home. *Id.* at 281 (*citing District of Columbia v. Heller*, 554 U.S. 570 (2008); *McDonald v. City of Chicago*, 561 U.S. 742 (2010). However, the Second Circuit noted that in both *Heller* and *McDonald,* the Supreme Court underscored that neither of its opinions should "be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Bogle,* 717 F.3d at 281 (*quoting Heller*, 554 U.S. at 626; *McDonald*, 561 U.S. at 786). The Second Circuit went on to affirm that § 922(g)(1) is "a constitutional restriction on the Second Amendment rights of convicted felons," joining the nine other circuits that had considered the same question and reached the same answer. *Id.*

Pickett argues that this Court is no longer bound by *Bogle* in light of the Supreme Court's more recent opinion in *Bruen*; he describes *Bogle* as a "pre-*Bruen* decision that is eight sentences long and has no analysis." Reply in Supp. of Mot. to Dismiss, ECF No. 21 at 2. He claims that because in *Bogle* the Second Circuit was

not presented with and "did not conduct the historical analysis that the Supreme Court stated in *Bruen* was necessary," the Second Circuit's decision in *Bogle* is not controlling, and, implicitly, that *Bruen* overruled *Bogle*. *Id.* at 4–6. But earlier this month, the Second Circuit made clear that, in its view, whether *Bruen* overruled *Bogle* is at best an open question and far from the foregone conclusion asserted by the defendant in that case. *See United States v. Brillon*, No. 22-2956-CR, 2024 WL 392949, at *1 (2d Cir. Feb. 2, 2024) ("We have not yet addressed [§ 922(g)'s] constitutionality in light of *Bruen*, but we held in a non-precedential summary order, with respect to a similar constitutional challenge to another subsection of the statute that prohibits users of controlled substances from possessing firearms . . . that the conviction should be upheld on plain error review because 'the contention that [Section] 922(g)(3) is unconstitutional [post-*Bruen*] is not clear under current law.'"). As noted in *Brillon*, there are currently multiple cases pending in the Second Circuit challenging the constitutionality of § 922(g)(1). *Id.* At a minimum, the Second Circuit has already made clear that a district court's decision denying a constitutional challenge to § 922(g)(1) is not plain error. *See United States v. Stephenson*, No. 21-74-cr, 2023 WL 3402310, at *1 (2d Cir. May 12, 2023) (unpublished).

Against this backdrop, the "precise question for this Court" is not whether *Bruen's* "reasoning supports a finding that [§ 922(g)] is unconstitutional," but whether *Bruen* "so conclusively supports that finding that the Second Circuit or the Supreme Court is all but certain to overrule [*Bogle*]." *United States v. Emmenegger*, 329 F. Supp. 2d 416, 429 (S.D.N.Y. 2004) (reciting the standard for departing from

Second Circuit precedent); *see United States v. Afriyie*, 27 F.4th 161, 168 (2d Cir. 2022) (same). Given the Second Circuit's recent rulings in *Brillon* and *Stephenson*, this Court, like every other district court in this Circuit to have faced this question to date, does not conclude that *Bruen* fatally abrogated *Bogle*. *See United States v. Gonzalez*, No. 23-cr-18, 2024 WL 96517, at *5 (S.D.N.Y. Jan. 9, 2024) ("[T]he Court cannot say 'that the Second Circuit or the Supreme Court is all but certain to overrule' *Bogle* in light of *Bruen*.") (internal citation omitted); *see, e.g., United States v. Gaskin*, No. 22-cr-98, 2024 WL 381009, (D. Conn. Feb. 1, 2024); *United States v. Hairston*, No. 23-cr-00020, 2024 WL 326667, (D. Conn. Jan. 29, 2024); *United States v. Cheathum*, No. 23-cr-27, 2024 WL 196485, (S.D.N.Y. Jan. 18, 2024); *United States v. Chisholm*, No. 23-cr-200, 2024 WL 196711, (S.D.N.Y. Jan. 18, 2024); *United States v. Esters*, No. 21-cr-398, 2024 WL 113937, (E.D.N.Y. Jan. 10, 2024); *United States v. Sanders*, No. 23-cr-78, 2023 WL 8790309, (E.D.N.Y. Dec. 19, 2023); *United States v. Harrison*, No. 22-cr-455, 2023 WL 4670957, (N.D.N.Y. July 20, 2023); *United States v. Mingues*, No. 23-cr-81, 2023 WL 9604697, (N.D.N.Y. Dec. 23, 2023); *United States v. Delima*, No. 22-cr-00111, 2023 WL 6443925, (D. Vt. Oct. 3, 2023); *United States v. Lane*, No. 22-cr-132, 2023 WL 5614798, (D. Vt. Aug. 24, 2023); *United States v. Baker*, No. 23-cr-6087, 2023 WL 5511343, (W.D.N.Y. July 12, 2023), *report and recommendation adopted*, No. 23-CR-6087, 2023 WL 5510401 (W.D.N.Y. Aug. 25, 2023). Thus, since the Second Circuit has yet to overturn *Bogle* and "absent proof that *Bruen sub silentio* overruled *Bogle*[ ]," this Court is bound by its holding. *United States v. D'Angelo*, No. 23-cr-327, 2023 WL 9056404, at *4 (S.D.N.Y. Dec. 31, 2023).

## II. As-Applied Challenge to § 922(g)(1)

Pickett's as-applied challenge fares no better. Pickett suggests that § 922(g)(1) is unconstitutional as applied to him because he has only non-violent felony convictions and under *Bruen's* "straightforward historical inquiry," there is no historical precedent for laws that preclude persons convicted solely of non-violent felonies from owning firearms. Mot. to Dismiss at 15 (citing *Bruen*, 597 U.S. at 26). But this argument jumps the proverbial gun. As a threshold matter, it is unclear whether courts can even make an "individualized inquiry by felony" when considering the constitutionality of § 922(g)(1) or similar statutes. *United States v. Mitchell*, No. 23-cr-00198, 2023 WL 8006344, at *7 (S.D.N.Y. Nov. 17, 2023); *United States v. Gonzalez*, No. 23-cr-18, 2024 WL 96517, at *5 (S.D.N.Y. Jan. 9, 2024) (noting that "[o]ther circuits, however, have found Section 922(g)(1) constitutional in all of its applications, foreclosing as-applied challenges") (citing *United States v. Jackson*, 69 F.4th 495, 502 (8th Cir. 2023); *Vincent v. Garland*, 80 F.4th 1197, 1202 (10th Cir. 2023)).

Pickett cites *Range v. Att'y Gen. United States of Am.*, in which the Third Circuit upheld an as-applied challenge to § 922(g)(1) based on the specifics of the defendant's prior conviction under Pennsylvania law. *See* 69 F.4th 96 (3d Cir. 2023). In *Range*, the petitioner was prohibited from purchasing a firearm based on a conviction for making a false statement to obtain food stamps, a misdemeanor under Pennsylvania law punishable by up to five years of imprisonment. *Id.* at 98. In a narrow holding, the Third Circuit reversed the district court's decision denying declaratory relief to Range based on the nature of his prior conviction. *Id.* at 106.

However, *Range* is not binding on this Court. And there is no precedent in this Circuit that supports carving out certain prior convictions from the prohibition in § 922(g)(1). Furthermore, *Range* "is an outlier amongst courts across the country analyzing post-*Bruen* constitutional challenges to § 922(g)(1)." *United States v. Sternquist*, No. 22-cr-473, 2023 WL 6066076, at *6 (E.D.N.Y. Sept. 15, 2023).

On the other hand, if the Second Circuit chooses—in this case, or one of the many other post-*Bruen* appeals likely to come before it challenging the constitutionality of § 922(g)(1)—to adopt the *Range* Court's approach to as-applied challenges by persons convicted solely of non-violent offenses, it is worth noting that Pickett's prior convictions may well make him similarly situated to Range. His first felony conviction was for obstruction of justice, a non-violent offense, and his subsequent felony was for the same charge he faces in this case—being a felon in possession of a firearm. Pickett has preserved his right to challenge the constitutionality of § 922(g)(1)'s application to him post-*Bruen*. But whether such as-applied challenges are newly viable after *Bruen* is a question that must await resolution by the Second Circuit or the Supreme Court.

## CONCLUSION

For the reasons set forth by the Court, Defendant's motion to dismiss the Indictment is DENIED.

SO ORDERED.

                                                    /s/ NRM_____
                                                    NINA R. MORRISON
                                                    United States District Judge

Dated:      February 15, 2024
               Brooklyn, New York